**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ORIENTAL TRADING COMPANY,** | ) | |
| **INC., a Delaware Corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **8:08-CV-327** |
| | ) | |
| **AMERICAN SAFETY INDEMNITY** | ) | **PROTECTIVE ORDER** |
| **COMPANY, an Oklahoma Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Whereas pretrial discovery in this action will necessarily involve the disclosure of trade secrets or confidential research, development, product or commercial information of both parties and of non-parties from whom discovery may be sought; and

Whereas the parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore

**IT IS ORDERED** pursuant to Fed. R. Civ. P. 26(c) that the parties' Stipulation and Protective Order (Doc. 39) is granted and approved as follows:

1. <u>Scope of Protection</u>

1.1     This Protective Order shall govern any record of information, designated pursuant to Paragraph 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2     This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Nebraska local rule, and any supplementary disclosures thereto.

1.3     This Protective Order shall apply to the parties and any nonparty from whom discovery may be sought and who desires the protection of this Protective Order (collectively herein referred to as a "party" or the "parties").

2.     Designation.

2.1     Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business or financial information ("CONFIDENTIAL Information") including any information subject to protection under any provision of Nebraska statutory or case law.  This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered confidential under this Protective Order.  The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER that are generally available to the public.

2.2     Each party shall have the right to designate as restricted to review by those categories of individuals listed in Paragraphs 4.1(a) - 4.1(g) and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses (1) trade secrets, (2) research and development or other highly sensitive technical information, or (3) highly sensitive business-related financial information (collectively, "HIGHLY SENSITIVE CONFIDENTIAL information").  This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY SENSITIVE CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY SENSITIVE CONFIDENTIAL under this Protective Order.  To the extent that material is marked HIGHLY SENSITIVE CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in Paragraph 4.2, and shall not be communicated in any manner,

either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY SENSITIVE CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to information of the highest sensitivity. The parties will use reasonable care to avoid designating any documents or information HIGHLY SENSITIVE CONFIDENTIAL for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this Paragraph 2.2. HIGHLY SENSITIVE CONFIDENTIAL information, or information derived therefrom, shall be used only for purposes directly related to this action, and for no other purpose whatsoever, except by consent of all of the parties or order of the Court.

2.3   To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY SENSITIVE CONFIDENTIAL unless otherwise agreed by the Parties. To the extent that any such documents or information has already been disclosed to another Party, the disclosing Party is obligated to re-designate such documents or information within thirty (30) days of entry of this Order.

3.   <u>Limit On Use And Disclosure Of Designated Information</u>.

3.1   Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2   It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated Confidential Information received by the party, provided that such rendering of advice and opinions shall

not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3  The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

4.  Disclosure Of Confidential Material.

4.1  Documents or information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER shall be disclosed by the recipient thereof, only to:

(a)  the attorneys who are actively involved in this action and who are partners or associates of the attorneys of record for the parties, and their authorized secretarial, clerical and legal assistant staff, including Baker, Donelson, Bearman, Caldwell & Berkowitz and Fitzgerald, Schorr, Barmettler & Brennan, PC, LLO;

(b)  Robert Siffring, the General Counsel of Oriental Trading Company;

(c)  Jean Fisher, the General Counsel of American Safety Indemnity Company;

(d)  the Court and Court personnel, as provided in Paragraph 12;

(e)  consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, in accordance with the procedures set forth in Paragraph 6, who are not employees or otherwise affiliated with any of the parties, and who first agree to be bound by the terms of this Protective Order;

(f)  court reporters employed in connection with this action;

(g)  outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators);

(h)  up to three (3) American Safety Indemnity Company designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(i)     up to three (3) Oriental Trading Company designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order.

4.2    Documents or information designated HIGHLY SENSITIVE CONFIDENTIAL shall be disclosed by the recipient thereof only to those categories of individuals listed in Paragraphs 4.1(a) – 4.1(g) subject to the restrictions therein.

5.     <u>Redaction</u>.

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is outside the scope of Rule 26, and/or protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed. R. Civ. P. However, any document from which material is masked must identify in the masked area where that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within thirty (30) days after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by-case basis.

6.     <u>Disclosure to Independent Consultants and Experts</u>.

6.1    Information may be disclosed to independent consultants and experts who are employed or retained by any of the parties or their counsel and who are assisting counsel in this litigation, but only to the extent that such experts and consultants reasonably need the information to render such assistance and execute a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.

6.2    A party desiring to have CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information of another party or of a non-party disclosed to an independent expert or consultant under Paragraph 4.1(e) of this Order shall first give written notice to the opposing party or non-party by providing the curriculum vitae of the proposed independent

expert or consultant and identifying any prior relationships between the proposed independent expert or consultant and any party or non-party. If a party objects to the disclosure of CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information to a proposed independent expert or consultant, the objecting party or non-party must object by providing a reasonable explanation of the basis of its objection, and move, within five (5) days, and on an expedited basis, for an Order from the Court to prevent disclosure of such information to the independent expert or consultant in question, the burden of preventing disclosure shall be on the objecting party. The independent expert or consultant in question shall not be given access to CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information while the motion is pending. Consent to the disclosure of CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information to a proposed independent expert or consultant shall not be unreasonably withheld.

6.3     Before counsel for the Receiving Party makes a disclosure of CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information to any persons who are authorized under Paragraph 4.1(e) of this Order to receive such information, counsel shall, prior to such disclosure, inform the individual to whom the information is to be disclosed of the terms of this Order and obtain that individual's written acknowledgment, in the form of Exhibit A hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms. Executed copies of Exhibit A shall be retained by counsel and submitted to the opposing counsel upon request within thirty (30) days after final termination of this action (including any appeals).

6.4     Counsel for the parties shall maintain a list of the names and addresses of all persons to whom CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information is disclosed pursuant to Paragraph 4.1(e) and shall make that list available to opposing counsel upon request within thirty (30) days after final termination of this action (including any appeals).

7.     Agreement Of Confidentiality.

In no event shall any information designated HIGHLY SENSITIVE CONFIDENTIAL be disclosed to any person authorized pursuant to Paragraph 4, other than

(a) the Court and Court personnel, (b) the parties' attorneys identified in Paragraph 4.1(a) and their authorized secretarial and legal assistant staffs, (c) court reporters, and (d) outside copying and computer services necessary for document handling, until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.

8. <u>Related Documents</u>.

Information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Paragraph 9; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 10.

9. <u>Designation of Deposition Transcripts</u>.

9.1  Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see Paragraph 2.1) as the designating party may direct, or (b) within thirty (30) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2  All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY SENSITIVE CONFIDENTIAL until the expiration of the period set forth in Paragraph 9.1, and neither the transcript nor the content of the testimony shall be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 4.

9.3     The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to Paragraph 4.

10.     <u>Designation Of Hearing Testimony Or Argument</u>.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.  Whenever matter designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

11.     <u>Disclosure To Author or Recipient</u>.

Notwithstanding any other provision of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed.  During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed.  And regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such

witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

      12.      <u>Designation of Documents Under Seal</u>.

Any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see Paragraph 2.1), and a statement substantially in the following form:

*This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.*

      13.      <u>Confidentiality of Party's Own Documents</u>.

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see Paragraph 16). Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

14.    <u>Other Protections</u>.

14.1   No person shall use any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information, or information derived therefrom, for purposes other than the prosecution or defense of this action.

14.2   Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information as an exhibit to a deposition, hearing or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.

15.    <u>Challenge To Confidentiality</u>.

15.1   This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2   On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information. If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

a.     The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

   b. If, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the classification of information as CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL may file and serve a motion for a further Order of this Court directing that the designation shall be so maintained.

   15.3 If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party.  The inadvertent disclosure of information shall not constitute a waiver of attorney-client privilege or work-product immunity. The receiving party or parties shall return to the producing party such document and destroy all copies of the document and notes concerning the document. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity or that it was inadvertently produced, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be producible for any reason.

   If a party through inadvertence produces or provides discovery of any Confidential Material without designating or marking it with the appropriate legend as provided in this Stipulation and Order, the producing party may subsequently give written notice to the receiving party or parties that the document, or other information, response or testimony is Confidential and should be treated in accordance with the provisions of this Stipulation and Order for such designation.  The receiving party or parties must treat such documents, information, responses, and testimony as subsequently designated from the date that such notice is received.  Disclosure of such documents, information, responses or testimony prior to receipt of such notice to persons not authorized to receive Confidential Material shall not be deemed a violation of this Stipulation and Order. The receiving party must cooperate in good faith with the producing party to advise those persons to whom disclosure was made

that the material disclosed is Confidential Material and must be treated in accordance with this Stipulation and Order for such designation.

16. Prior or Public Knowledge.

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

17. Limitation of Protective Order. This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. This Protective Order does not address waiver of the attorney-client privilege or work product doctrine based on inadvertent disclosure or otherwise. The parties expressly reserve the right to seek relief or protective orders from the Court that the inadvertent disclosure of attorney-client privilege or work product information or documents shall not be deemed a waiver and that the material shall be returned to the producing party if the Court determines that there has not been a waiver.

18. Other Proceedings.

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a motion to disclose another party's CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

19. <u>Non-Party Material</u>.

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and a third party for the production of information in the discovering party, are applicable to CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information provided by a non-party. Information provided by a non-party in connection with this action and designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

20. <u>Return of Designated Information</u>.

Within forty-five (45) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all materials containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses may be destroyed by counsel.

21. <u>Waiver Or Termination of Order</u>.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

**DATED May 21, 2009.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**