IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ORIENTAL TRADING COMPANY, INC.**, a Delaware Corporation, | ) ) ) | **CASE NO. 8:08CV327** |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **MEMORANDUM AND ORDER** |
| **AMERICAN SAFETY INDEMNITY COMPANY**, an Oklahoma Corporation, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion for Attorneys' Fees (Filing No. 104). In connection with the Summary Judgment (Filing No. 103), Plaintiff Oriental Trading Company, Inc. ("OTC") requests that the Court award reasonable attorneys' fees and expenses under Nebraska Revised Statute § 44-359 (Reissue 2004). Defendant American Safety Indemnity Company ("ASIC") opposes OTC's motion. (See Defendant's Brief, Filing No. 106).

Section 44-359 states:

> In all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy . . . the court, upon rendering judgment against such company . . . shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs.

The Nebraska Supreme Court has construed this statute to permit an award of attorneys' fees to an insured who prevails in a disputed coverage action brought by an insurer. *See State Farm Mut. Auto Ins. Co. v. Selders*, 202 N.W.2d 625, 626 (1972).

ASIC objects to an award of attorneys' fees on two principal grounds. First, ASIC generally objects to the award of any fees, asserting that genuine issues of material fact

remain and the Court should not have granted summary judgment. Other than expenses incurred for consultations with experts, ASIC does not specifically or generally challenge the reasonableness of any of the costs and attorneys' fees.

Second, ASIC argues that Nebraska law forbids the award of expert fees under § 44-359, and, in any event, that the fees requested are inappropriate. ASIC cites *Young v. Midwest Family Mutual Ins. Co.*, 753 N.W.2d 778, 784 (Neb. 2008), for the proposition that expert fees are not recoverable under § 44-359. In *Young*, the court concluded that an award of "non taxable costs" is improper, noting that the non taxable costs sought in *Young* appeared "to be expert witness fees and other items of expense incurred by the [plaintiffs] which are not taxable as court costs and not recoverable under § 44-359." *Id.* at 784.

The Court has reviewed OTC's request for attorneys' fees, and concludes that the number of hours expended and the billing rates are reasonable, and that the request is supported by proper and thorough documentation. Although the experts retained by OTC contributed to OTC's success in the litigation, and such fees appear to be reasonable, this Court concludes that the fees are not taxable costs, are not allowable under Neb. Rev. Stat. § 44-359, and must be denied.

Accordingly,

IT IS ORDERED:

1. The Motion for Attorneys' Fees Pursuant to Nebraska Revised Statute § 44-359 (Reissue 2004) (Filing No. 104) filed by Plaintiff Oriental Trading Company, Inc., is granted in part as follows: Attorneys' fees are awarded to Oriental Trading Company, Inc., in the amount of $277,435.76; and

2. The Motion is otherwise denied.

DATED this 5th day of January, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge